UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RASHARD S. OLIPHANT,

           Plaintiff,

v.                                   Case No. 3:22-cv-131-BJD-JBT

LENNY CURRY, et al.,

           Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Rashard S. Oliphant, an inmate serving a nine-month sentence in the Duval County Jail, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1), a motion for extension of time to provide service copies (Doc. 2), and a motion to proceed in forma pauperis (Doc. 3). Before the Court is Plaintiff's amended complaint (Doc. 5; Am. Compl.), docketed on March 25, 2022. In his amended complaint, Plaintiff names three Defendants: Mayor Lenny Curry; Sheriff Mike Williams; and John or Jane Doe, in his/her scope as the owner of Armor Correctional Health Services (Armor). Am. Compl. at 2-3.

Plaintiff alleges Defendants violated their duties to keep him safe and to provide him adequate medical care while imprisoned. Id. at 4. Specifically, Plaintiff alleges Defendants Curry and Williams breached their duty to provide

"fresh air/ventilation," uncrowded dorms, and safe food,[1] and Armor breached a duty to provide adequate medical care for his venereal disease, glaucoma, and mental illness. Id. at 5-6. Plaintiff provides little to no explanation of his complaints related to air ventilation, crowded dorms, food preparation, or medications needed for his venereal disease or mental illness.[2] He primarily focuses on his glaucoma.

Plaintiff alleges he entered the jail on September 21, 2021, but he did not receive his prescription eye drops until October 10, 2021, and on that date, he only received one of the required two types of eye drops. Id. at 6, 11. He finally received the other eye drops in November 2021. Id. at 6, 11. On February 5, 2022, Plaintiff submitted a sick-call request asking for a refill because his eye drops were almost gone, but he received no response. Id. at 7. He submitted another sick-call request on February 9, 2022, reporting that his eyes drops were empty, but he received no response. Id.

Each time nurses made rounds with medications, Plaintiff would plead with them to refill his eye drops because he could feel the pressure building in

---

[1] Plaintiff alleges food is prepared in a kitchen that has black mold in the ceiling vents. See Am. Compl. at 4, 11.

[2] In the section of his complaint explaining his injuries, Plaintiff says he was denied two medications needed to treat his venereal disease. He alleges he was given two shots and two types of pills on September 18, 2021, which was before he entered the detention center. Id. at 11.

his eyes. Id. One nurse told him she "repeatedly told/asked the provider that [Plaintiff] need[ed] [a refill of his] eye drops, but [there was] no result." Id. On February 27, 2022, a nurse told Plaintiff "they would look into it." Id. at 9. Plaintiff finally received a refill on March 2, 2022. Id. Additionally, Plaintiff was taken to see an eye specialist at UF Shands on March 11, 2022, and again on March 18, 2022. Id. at 10. Plaintiff alleges the Shands doctor told him his left eye had worsened from not having received his eye medication for twenty-five days. Id.

As relief, Plaintiff seeks an order directing Defendants Curry and Williams to provide "workable ventilation," to "reduce the overcrowded living condition[s]," to prepare food somewhere without black mold, and to have an independent contractor come to the jail to kill the black mold; and directing Armor to provide medications he needs for a pinched nerve in his back, to refrain from denying his eye drops in the future, and to provide inmates with copies of their sick-call requests. Id. at 11-13. He also seeks compensatory damages from all Defendants. Id. at 12-13.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state

a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting

4

under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Absent allegations of a supervisor's personal participation, or otherwise demonstrating a causal connection between a supervisor's actions and the alleged constitutional deprivation, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010) (internal quotation marks omitted). Moreover, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Plaintiff names Mayor Curry, Sheriff Williams, and the owner of Armor only because of the supervisory positions they hold or because Plaintiff submitted grievances and sick-call requests complaining about jail conditions or requesting medications. See Am. Compl. at 5-7. Even accepting as true that unnamed jail staff or Armor employees violated Plaintiff's constitutional rights, Plaintiff does not allege Defendants Curry, Williams, or Armor

personally participated in a constitutional violation. For instance, Plaintiff does not allege facts permitting the reasonable inference Defendants knew conditions at the jail posed "an excessive risk to inmate health or safety" or knew Plaintiff's serious medical needs were not being addressed but failed to take appropriate action. See Chandler v. Crosby, 379 F.3d 1278, 1295 (11th Cir. 2004) (deliberate indifference to safety); Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991) (deliberate indifference to serious medical needs). Nor does Plaintiff allege facts demonstrating the requisite causal connection to invoke liability under a respondeat superior theory (i.e., a history of widespread abuse, or the adoption of a custom or policy). See Cottone, 326 F.3d at 1360.

To the extent Plaintiff attempts to name individual Armor employees through his reference to "John or Jane Doe," Am. Compl. at 5 (internal punctuation omitted), he does not identify anyone with enough specificity to enable him to proceed against such an individual. The Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court" unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff's complaint failed to identify or describe the individual

allegedly involved). Not only does Plaintiff fail to identify an individual Armor employee who allegedly violated his constitutional rights with any specificity such that the individual could be served, Plaintiff does not fault the nurses he does mention for failing to refill his eye drops. On the contrary, he concedes one nurse told him she "repeatedly" asked the provider for his eye drops, and another nurse said, "they would look into it." Am. Compl. at 7, 9.

Plaintiff identifies one nurse by name—Parker—but he alleges only that the nurse was rude and made racist remarks when passing out medications. Id. at 8-9. Allegations of threats or verbal abuse, without more, do not state a claim under § 1983. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) ("[A] [plaintiff] must allege more than that he has been subjected to 'verbal taunts....[h]owever distressing" in order to make a claim that jailers have violated their duty of protection or deprived the [plaintiff] of his constitutional rights.'" (third and fourth alterations in original)). Plaintiff does not allege Nurse Parker denied him medications or caused him needlessly to suffer knowing he needed medical care. See Am. Compl. at 8-9. Additionally, while Plaintiff says Nurse Parker refused to accept his sick-call requests, he acknowledges that another nurse accepted them. Id. at 9.

Because Plaintiff fails to state a plausible claim for relief against any of the named Defendants, this action will be dismissed without prejudice subject

to Plaintiff's right to file a new civil action under § 1983 against an appropriate "person." If Plaintiff files a new case, he should know that he may set forth only related claims in one complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) ("A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims."). So, for example, Plaintiff may file a claim for an alleged denial of medical care, or he may file a claim for alleged unconstitutional conditions of confinement,[3] but he may not proceed on both claims in one complaint. Multiple, unrelated claims should be pursued in separate actions.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without

---

[3] Plaintiff should know that conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

prejudice, terminate any pending motions, and close the file.

3.    The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Rashard S. Oliphant

9